United States District Court
Southern District of Texas
**ENTERED**
August 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAIRO A. E. J.[1], | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-820 |
| | § | |
| WARDEN, PORT ISABEL | § | |
| DETENTION CENTER, | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS HABEAS PETITION**

## I. Synopsis

At the time of the filing of this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Petitioner Jairo E. J. was detained by Immigration and Customs Enforcement at the Port Isabel Detention Center in Cameron County, Texas. Dkt. No. 1. Jairo E. J.'s wife, Lizeth G. M., filed the petition on his behalf as next friend. Dkt. No. 1 at 6. To have jurisdiction over Jairo E. J.'s filing, this Court must determine if Lizeth G. M. qualifies to act as Jairo E. J.'s next friend.

On July 31, 2026, the Court issued an order requiring Petitioner Jairo E. J. and/or Lizeth G. M. to file a statement with the Court to show cause why Lizeth G. M. can serve as a next friend for the Petitioner. Dkt. No. 6. Lizeth G. M. filed a timely response to the Court's order. Dkt. No. 10. Because Lizeth G. M.'s statement to the Court does not meet the requirements to represent Jairo E. J. as next friend, it is recommended the Court dismiss the case without prejudice as this Court lacks jurisdiction to hear the next friend petition.

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

## II. Applicable Law

The federal habeas statutes provide an exception to the general rule that individuals who do not hold a law license may not represent other parties, known as "next friend" status. 28 U.S.C. § 2242; *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). However, "next friend" standing is not granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Crucially, it may not "be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined." *Weber*, 570 F.2d at 514.

To proceed and properly establish herself as "next friend" of Jairo E. J., Lizeth G. M. must: (1) explain why Jairo E. J. cannot prosecute this case on his own at this time; (2) establish that he is truly dedicated to the best interests of Jairo E. J.; and (3) demonstrate a significant relationship to Jairo E. J. *Whitmore*, 496 U.S. 149 at 163. It is Lizeth G. M.'s burden to establish "the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164. If she fails to do so, this Court is without jurisdiction, and the § 2241 Petition must be dismissed. *Id.*; see also *Weber*, F.2d at 514 (explaining that "when the application for habeas corpus filed by a would be "next friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without jurisdiction to consider the petition."); *Romanov v. Frink*, No. H-25-3133, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (J. Lake).

To succeed on a next friend application, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore*, 496 U. S. 149 at 163. "[T]hat explanation must be supported by relevant proof." *Soto v. Sowell*, No. CV H-25-1362, 2025 WL 2822000, at *3 (S.D. Tex. Oct. 3, 2025).

## III. Analysis

Lizeth G. M.'s response to this Court's next friend inquiry states she is the wife of Jairo E. J., and she is fully dedicated to Jairo E. J.'s best interests. Dkt. No. 10 at 1. She argues her husband cannot litigate on his own case because of the language barrier, the

restrictive conditionals of his detention, he lacks the necessary tools to navigate federal habeas corpus procedures, lacks the necessary tools to understand complex legal requirements, and lacks the necessary tools to complete the prescribed forms. *Id*.

While Lizeth G. M., as the wife of Jairo E. J., can demonstrate a significant relationship to Jairo E. J., she fails to meet her burden to show that Jairo E. J. cannot prosecute his own case. Lizeth G. M. claims the language barrier, her husband's unfamiliarity with habeas proceedings, and his inability to access general tools renders him unable to represent himself. Even if true, however, this does not necessarily show that Petitioner cannot prosecute his own case.

Although the Court is sympathetic to Petitioner Jairo E. J.'s challenges, the Court cannot currently conclude that Petitioner Jairo E. J. lacks accessibility to pursue his own claim. For this reason, the Court finds it cannot recommend allowing his wife Lizeth G. M. to litigate the case on Petitioner Jairo E. J.'s behalf.

## IV. Recommendation

It is RECOMMENDED that the Court DISMISS the instant case for lack of jurisdiction without prejudice to refiling.

## V. Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on August 20, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge